IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

TIMOTHY SKILES,

    Plaintiff,

        v.

MCCONWAY & TORLEY, LLC, TRINITY
INDUSTRIES, INC.,

    Defendants.

14cv1593
**ELECTRONICALLY FILED**

### MEMORANDUM ORDER RE: DEFENDANTS' PARTIAL MOTION TO DISMISS (DOC. NO. 11)

**I. Introduction**

This case centers on alleged adverse employment actions based upon disability, hostile work environment, and interference with and retaliation based upon Plaintiff's implicated federal rights. Doc. No. 1. Specifically, Plaintiff has advanced claims for: (1) violations of the Family & Medical Leave Act ("FMLA") based upon interference and retaliation (Count I); (2) violations of the Americans with Disabilities Act ("ADA") based upon discrimination, failure to accommodate, retaliation, and hostile work environment (Count II); and (3) wrongful discharge (Count III). Id.

Defendants McConway & Torley, LLC and Trinity Industries, Inc. ("Defendants") move this Court to dismiss portions of Plaintiff's Complaint for failure to timely exhaust administrative remedies and/or failure to sufficiently plead his claim for hostile work environment. Doc. No. 11. Plaintiff wholly opposes Defendants' Motion. Doc. No. 13. After consideration of Plaintiff's Complaint, Defendants' Motion to Dismiss, and briefs filed in support and in

1

opposition thereto, Defendants' Motion to Dismiss will be granted in part and denied in part. Doc. Nos. 1, 11, 12, 13, 14.

## II. Statement of Facts

The facts of the case, from Plaintiff's Complaint and taken as true solely for the purposes of this Memorandum Order, are:

Plaintiff was hired by Defendants in or around March of 2011 and was employed as a Quality Insurance Inspector. Doc. No. 1, ¶ 13. Plaintiff, consistent with Defendants' attendance point system and related policy, was permitted 10 points before termination. Id. at ¶ 14.

Plaintiff suffers from various physical and mental impairments, including knee problems and anxiety (including panic attacks). Id. at ¶ 15. In or about the summer of 2012, Plaintiff suffered a work-related injury, which caused him to have a hernia. Id. at ¶ 17. Plaintiff reported his injury to management and sought workers' compensation benefits for said injury. Id. at ¶ 18. Plaintiff's injury prevented him from working for approximately a week and required surgery. Id. at ¶ 17. Defendants did not inform Plaintiff of his individualized FMLA rights as to the time period he could not work. Id. at ¶ 19. Therefore, Plaintiff was forced to use vacation time for this period so that he would not receive attendance points for his absences. Id.

Plaintiff was forced to intermittently take time off from work to treat his knee condition. Id. at ¶ 20. Plaintiff was not informed of his FMLA rights and was assessed points for the time he missed work to treat his knee condition. Id.

"Toward the end of his employment," Plaintiff began to suffer severe panic attacks and anxiety, which caused him to intermittently miss work. Id. at ¶¶ 21, 23. Plaintiff apprised Defendants' management that he was suffering from panic attacks and anxiety and that he was taking medication to treat these conditions. Id. at ¶ 22. Plaintiff was assessed points for his absences under the Defendants' attendance policy. Id. at ¶ 23.

In or around October or November of 2013 (two weeks before he was terminated), Plaintiff requested FMLA paperwork from management so that he could intermittently take time off work for his health problems without being assessed points under Defendants' attendance policy for these absences. Id. at ¶ 24.

In or around early November 2013, Plaintiff suffered from a severe panic attack and needed to seek treatment. Id. at ¶ 26. Plaintiff's girlfriend informed Defendants' management that Plaintiff would not be able to report to work because of his panic attack. Id. at ¶ 26. Plaintiff called management later that day and left a voicemail to inquire whether he would be allowed to return to work because he believed that he had exceeded the allowable absences under the attendance policy. Id. at ¶ 27. Management never returned Plaintiff's phone call. Id. at ¶ 28.

Plaintiff was terminated in or around November of 2013 for his absences. Id. at ¶ 30. Defendants terminated Plaintiff because of his disabilities and/or in retaliation for his requested time off work due to his serious health conditions. Id. at ¶ 31. Plaintiff was subsequently told by his supervisor that he was aware that Plaintiff had called into work, but was directed not to speak with Plaintiff by Human Resources. Id. at ¶ 29. Human Resources informed the supervisor that Plaintiff had exceeded the number of absences allowed under the attendance policy. Id. at ¶ 29. Plaintiff was in the process of completing his FMLA paperwork when he was terminated. Id. at ¶ 25.

### III. Standard of Review

In considering a Rule 12(b)(6) motion, Federal Courts require notice pleading, as opposed to the heightened standard of fact pleading. Fed. R. Civ. P. 8(a)(2) requires only "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds on which it rests.'" *Bell*

*Atlantic Corp. v. Twombly,* 550 U.S. 554, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

Building upon the landmark United States Supreme Court decisions in *Twombly* and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), the United States Court of Appeals for the Third Circuit explained that a District Court must undertake the following three steps to determine the sufficiency of a complaint:

> First, the court must take note of the elements a plaintiff must plead to state a claim. Second, the court should identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth. Finally, where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.

*Connelly v. Steel Valley Sch. Dist.*, 706 F.3d 209, 212 (3d Cir. 2013) (citation omitted).

The third step of the sequential evaluation requires this Court to consider the specific nature of the claims presented and to determine whether the facts pled to substantiate the claims are sufficient to show a "plausible claim for relief." *Covington v. Int'l Ass'n of Approved Basketball Officials*, 710 F.3d 114, 118 (3d Cir. 2013). "While legal conclusions can provide the framework of a Complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 664.

This Court may not dismiss a Complaint merely because it appears unlikely or improbable that Plaintiff can prove the facts alleged or will ultimately prevail on the merits. *Twombly*, 550 U.S. at 563 n.8. Instead, this Court must ask whether the facts alleged raise a reasonable expectation that discovery will reveal evidence of the necessary elements. *Id.* at 556. Generally speaking, a Complaint that provides adequate facts to establish "how, when, and where" will survive a Motion to Dismiss. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 212 (3d Cir. 2009).

In short, a Motion to Dismiss should not be granted if a party alleges facts, which could, if established at trial, entitle him/her to relief. *Twombly*, 550 U.S. at 563 n.8.

IV. **Discussion**

Defendants move this Court to dismiss the following claims, which Defendants contend were not exhausted through required administrative remedies: (1) disability discrimination based upon an alleged hernia injury; (2) retaliation based upon Plaintiff's filing for workers' compensation benefits for his alleged hernia injury; and (3) hostile work environment. These claims are contained within Count II, which sets forth claims for violations of the ADA for "[1] Discrimination; [2] Failure to Accommodate; [3] Retaliation; and [4] Hostile Work Environment." Doc. No. 1, 7. Defendants contend that dismissal is appropriate because Plaintiff's Charge of Discrimination did not include a hernia injury or any allegation of a hostile work environment. Doc. No. 11. Alternatively, Defendants move this Court to dismiss Plaintiff's claim for hostile work environment for failure to plead sufficient factual averments to support this claim. Id.

Plaintiff's Pennsylvania Human Relations Commission Charge of Discrimination completed on December 13, 2013, provides the following summation of Plaintiff's claims:

> I worked for Respondents for approximately 2.5 years. I was employed by Respondent as a Quality Insurance Inspector. I suffer from certain disabilities, including but not limited to knee problems and mental health issues. I informed my management of the nature of my disabilities and requested reasonable accommodations for my disabilities (including but not limited to intermittent time off from work). Shortly before my termination (discussed supra), I requested FMLA paperwork from Defendant's management. Before I could complete the paperwork to qualify for FMLA, I was terminated. I was terminated in or about November of 2013 for being absent on a day that I had a flare up related to my mental health issues. I also had absences counted against me for days that I was out of work due to flare ups related to my knee conditions.
>
> I believe and therefore aver that I was terminated due to my known and/or perceived disabilities and/or in retaliation for requesting accommodations.

Doc. No. 12-1.  Under the "cause of discrimination" section, Plaintiff checked retaliation, disability, and other.  Id.

*A. Count II as to Hernia Injury*

The Court recognizes that the scope of the administrative charge generally defines the perimeters of litigation.  *James v. Sutliff Saturn, Inc.*, 468 Fed.Appx. 118, 122 (3d. Cir. 2012), *Ostapowicz v. Johnson Bronze Co.*, 541 F.2d 394, 398-99 (3d Cir. 1976).  Additional charges, not contained within an adminstrative charge, may be cognizable in a subsequent lawsuit where the additional charge is "so related to the acts that constituted the charge actually filed with the EEOC, such that the EEOC's investigation could reasonably be expected to encompass both bases of discrimination."  *James*, 468 Fed.Appx. at 122, FN 6 citing *Hicks v. ABT Associates*, 572 F.2d 960 (3d Cir. 1978).  Therefore, the Court must determine whether Plaintiff's claims related to his hernia are encompassed within his Charge of Discrimination.  The Court finds that it is.

The Court agrees with Defendants that "Plaintiff is not entitled to assert any and all claims for disability discrimination or retaliation."  Doc. No. 12, 10.  However, Plaintiff's inclusion of his hernia injury and related claims in his Complaint are distinct from "throwing in the kitchen sink" because the hernia injury expands upon Plaintiff's administrative charge, rather than introducing new claims.  Plaintiff, in his charge, noted that his disabilities "include[d] . . . knee problems and mental health issues," but were not limited to those disabilities.  Therefore, the omission of a hernia injury is not dispositive of whether it should be deemed to be encompassed in the charge.  Conversely, Plaintiff's inclusion of "included, but not limited to" alone does not permit him to include additional unrelated disability claims in this litigation.

The gravamen of Plaintiff's claims involving his knee problems, mental health issues, and his hernia injury all relate to the same allegedly wrongful conduct by Defendants; that is Defendants' interference with Plaintiff's rights under the FMLA, discrimination against Plaintiff, failure to accommodate his disabilities, and wrongful termination in retaliation for Plaintiff's attempt to exercise his rights under the FMLA and ADA. The essence of these claims are the same whether or not they include both the explicitly stated "knee problems and mental health issues" and/or Plaintiff's work-sustained hernia injury.

Unlike cases cited by Defendants including *Zahavi v. The PNC Financial Services Group, Inc.*, No. 07-376, 2007 U.S. Dist. LEXIS 77484, Plaintiff's inclusion of a hernia injury in his Complaint was not "based on different and distinct acts" than those in the original administrative charge and does not drastically modify the "acts or practices complained of." Doc. No. 14 citing *Webb v. City of Philadelphia*, 526 F.3d 256, 262 (3d Cir. 2009). It is not the injuries themselves that control Plaintiff's claims, but rather the alleged resultant actions taken by Defendants in response to Plaintiff's absences from work. Therefore, the Court finds that Defendants were properly placed on notice as to the nature of their alleged liability and the underlying facts in respect to the knee problems, mental health issues, and the hernia injury. Defendants' Motion to Dismiss (Doc. No. 11) will be denied in this regard.

B. *Count II as to Hostile Work Environment*

The Parties agree that the elements of a *prima facie* claim for hostile work environment, which Plaintiff must establish are: (1) Plaintiff is a qualified individual with a disability under the ADA; (2) he was subject to unwelcome harassment; (3) the harassment was based upon his disability or request for an accommodation; (4) the harassment was sufficiently severe or pervasive to alter the conditions of his employment and create an abusive working environment;

and (5) Defendants knew or should have known of the harassment and failed to take prompt, effective remedial action. *Walton v. Mental Health Ass'n of Se. Pa.*, 168 F.3d 661, 667 (3d Cir. 1999); *Lowenstein v. Catholic Health East*, 820 F.Supp. 2d 639, 646-47 (E.D. Pa. 2011).

Neither Plaintiff's EEOC charge nor his Complaint could be fairly construed to include a claim for hostile work environment. This situation is not one of failure to check a box or sufficiently expound on factual averments. Rather, even when viewed liberally and in the light most favorable to Plaintiff, both documents are wholly devoid of any explicit or inferred reference to the elements of hostile work environment including harassment, the severity or pervasiveness of any harassment, or that Defendants knew or should have known of the alleged harassment. If Plaintiff's arguments were to be adopted, any administrative charge could be said to include a claim for hostile work environment.

Therefore, the Court must dismiss Plaintiff's claim for hostile work environment. Plaintiff moves this Court to allow him to file an Amended Complaint if the Court dismisses his claim for hostile work environment. The Court denies this request because Plaintiff did not include any factual averment or reference related to hostile work environment in his administrative charge and therefore, he has failed to exhaust his administrative remedies in this effect. As such, any amendment of Plaintiff's claim for hostile work environment would be futile because Defendants were not placed on notice of this claim during administrative proceedings and Plaintiff cannot now expand his claims wholly beyond the administrative charge. Defendants' Motion to Dismiss will be granted in this regard.

## V. Conclusion/Order

AND NOW, this 30th day of January, 2015, IT IS HEREBY ORDERED THAT Defendants' Motion to Dismiss (Doc. No. 11) is **GRANTED IN PART AND DENIED IN PART**. Defendants' Motion to Dismiss is denied as to Plaintiff's claims for disability discrimination and retaliation based upon an alleged hernia injury. Defendants' Motion to Dismiss is granted as to Plaintiff's claim for hostile work environment contained within Count II. Therefore, Plaintiff's claim for hostile work environment is **DISMISSED WITH PREJUDICE**.

        s/ Arthur J. Schwab
        Arthur J. Schwab
        United States District Judge


cc:    All Registered ECF Counsel and Parties